UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Angela Jordan** | § |
| | § |
| *Plaintiff* | § |
| | § |
| v. | § CIVIL NO. 4:16-CV-511 |
| | § |
| **Standard Insurance Company** | § |
| | § |
| *Defendant* | § |

**ORIGINAL COMPLAINT WITH JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Angela Jordan, Plaintiff herein, complaining of Standard Insurance Company, (hereinafter referred to as "Standard"), and for cause of action would show:

1. At the time of the actions giving rise to this Complaint, Plaintiff was a resident of Katy, Fort Bend County, Texas.

2. Defendant, Standard, is an insurance corporation duly and legally formed under the laws of the state of Oregon, which is authorized to conduct and does business in the State of Texas, and may be served with citation herein by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Jurisdiction is appropriate in this court as the matter in controversy arises between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

4. All conditions precedent to Plaintiff's recovery under all causes of action against Defendant,

Standard, set forth herein have been performed or have occurred.

5. By virtue of her employment as a Secretary with the City of Katy, Texas, Plaintiff was eligible for disability benefits with Standard.

6. Plaintiff entered into a contract with Standard. Standard promised to pay benefits under a policy entitled "Long Term Disability Policy" in exchange for premiums paid by Plaintiff.

7. On January 18, 2013, Plaintiff had neck surgery to correct a cervical epidural abscess, which was compressing her spinal cord. The surgery, intended to relieve pressure on her spine and debride the abscess, involved a C5 corpectomy and C6-7 anterior cervical discectomy and fusion. The abscess was found to be due to Community Acquired Methicillin-Resistant Staphylococcus aureus, a staph infection affecting Plaintiff's bones and blood, for which she was hospitalized. She continued treatment for the infection with daily intravenous antibiotic treatments through March, 2013. Following the Plaintiff suffered continued pain in her neck and lumbar spine, as well as limited range of motion. Doctors soon discovered that the January 2013 fusion was not a success and that adjacent vertebrae were not fused with the metal spacer in her cervical spine due to the post-surgical staph infection and her pain continues. Plaintiff also suffers from anxiety and post traumatic stress disorder. Her last day of work was January 9, 2013. She filed a claim for benefits and was initially approved, but was subsequently denied effective March 10, 2015.

8. Plaintiff filed an appeal of Standard's denial of her benefits on August 22, 2015. Her appeal was denied on September 16, 2015. Plaintiff has exhausted her administrative remedies.

10. Defendant Standard breached its contract of insurance with plaintiff. Although Plaintiff submitted a claim under her policy, Defendant wrongfully and with malice discontinued

2

benefits which should have been covered.

11. Plaintiff's long term disability contract provides benefits to Plaintiff to age 65 so long as Plaintiff continues to be disabled. Assuming a benefits start date of March 11, 2015 and a maximum gross monthly benefit of $2,392.80, Plaintiff's past due long term benefits to date total $27,924.30. Future benefits for the period March 1, 2016 to March 13, 2026 total $288,210.24. All told, Plaintiff is owed $316,134.54 in past and future disability benefits.

12. In addition to breaching its contract of insurance, Defendant violated certain provisions of the Texas Insurance Code. Defendant engaged in unfair, deceptive acts, and made material misrepresentations to Plaintiff about the terms of the contract and the benefits payable under the contract. As a result of Defendant's conduct, Plaintiff was compelled to hire an attorney and institute this law suit.

   A. Section 541.060 (a)(2)(A) – Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which its liability was clear.

   B. Section 541.060 (a)(7) – Defendant refused to pay a claim without conducting a reasonable investigation with respect to the claim.

13. All of the above violations fall under Subchapter B of the Texas Insurance Code defined to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. Plaintiff is, therefore, entitled under the Insurance Code to recover her damages plus treble damages, plus attorney's fees, and interest. Tex. Ins. Code § 541.152.

14. Defendant engaged in unfair claim settlement practices as defined under the Texas Insurance Code.

    A.    Section 542.003 (b)(3) – Defendant failed to adopt and implement reasonable standards for the prompt investigation of claims arising under its policy.

    B.    Section 542.003 (b)(4) – Defendant did not attempt in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability was reasonably clear.

    C.    Section 542.003 (b)(5) – Defendant compelled Plaintiff to institute a suit to recover an amount due under the policy by offering substantially less than the amount recovered at trial.

15. All of the above violations fall under Subchapter 542 of the Texas Insurance Code and are defined to be unfair claim settlement practices. Plaintiff is, therefore, entitled under the Insurance Code to recover her damages, plus attorney's fees, and interest at a rate of 18%. Tex. Ins. Code § 542.060.

16. Pleading further, Plaintiff would show that she is entitled to declaratory relief, pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code. The conduct of Defendant, as described above, creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant. Plaintiff, therefore, requests this Court exercise its power afforded under § 37.001 et. Seq. of the Texas Civil Practice and Remedies Code, and declare the specific rights and status of the parties herein. Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is defined by the policy.

17. Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees which are equitable and just under § 37.009 of the Texas Civil Practice and Remedies Code, § 38.001 of the Texas Civil Practice and Remedies Code, and Chapters 541 and 542 of the Texas Insurance Code.

18. Plaintiff hereby makes application and demand for jury trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear herein and answer, and that Plaintiff recover her damages, statutory additional damages, treble damages, exemplary damages, reasonable attorney's fees, and costs incurred in prosecuting this lawsuit as well as pre- and post-judgment interest at the highest lawful rates, costs of court, clarification of his right to receive future benefits under the policy, and for such other general relief to which Plaintiff may show herself justly entitled under the attending facts and circumstances.

Respectfully submitted,

Bemis, Roach & Reed
4100 Duval Rd.,
Bldg. 1, Ste. 200
Austin, Texas 78759
(512) 454-4000
(512) 453-6335 (facsimile)
greg@brrlaw.com

By: _____
GREG REED
Attorney in charge
State Bar No. 16677750
Southern District of Texas Bar No. 16208